1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD T. COLLIER,                    No.  2:13-cv-0852 LKK AC PS

12                Plaintiff,

13        v.                               FINDINGS & RECOMMENDATIONS

14   VALLEJO POLICE DEP'T, et al.,

15                Defendants.

16

17

18        This action was referred to the undersigned pursuant to Local Rule 302(c)(21).  On June

19   10, 2013, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure

20   12(b)(6).

21        Local Rule 230(c) provides that opposition to the granting of a motion must be filed

22   fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will

23   be entitled to be heard in opposition to a motion at oral arguments if written opposition to the

24   motion has not been timely filed by that party."

25        When plaintiff failed to timely oppose the motion to dismiss, the undersigned sua sponte

26   continued the hearing and provided plaintiff additional time to file an opposition.  ECF No. 31.

27   Plaintiff was advised that failure to oppose the motion and appear at the hearing would result in a

28

                                    1

1    recommendation that the action be dismissed.  Id.  No opposition was filed.  On September 4,

2    2013, plaintiff failed to appear at the hearing on defendants' motion.  Plaintiff's failure to oppose

3    and failure to appear should therefore be deemed a waiver of opposition to the granting of the

4    motion.

5          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

6    action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

7    1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

8    court order the district court must weigh five factors including:  '(1) the public's interest in

9    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

10   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

11   and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

12   Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

13   F.3d 52, 53 (9th Cir. 1995).

14         In determining to recommend that this action be dismissed, the court has considered the

15   five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal

16   of this action.  The action has been pending since February 20, 2013 and has not yet reached past

17   the pleading stage.  Plaintiff's failure to comply with the Local Rules and the court's July 16,

18   2013 order, and his failure to appear at the hearing, suggest that he has abandoned this action and

19   that further time spent by the court thereon will consume scarce judicial resources in addressing

20   litigation which plaintiff demonstrates no intention to pursue.

21         The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements

22   under the Local Rules and granted ample additional time to oppose the pending motion, all to no

23   avail.  The court finds no suitable alternative to dismissal of this action.

24         Under the circumstances of this case, the third factor, prejudice to defendants from

25   plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to oppose

26   the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963 F.2d at

27   1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue

28   an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases

1   on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set

2   forth above, the first, second, and fifth factors strongly support dismissal and the third factor does

3   not mitigate against it.  Under the circumstances of this case, those factors outweigh the general

4   public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

5           Accordingly, IT IS HEREBY RECOMMENDED that:

6           1. Defendants' June 10, 2013 motion to dismiss be granted; and

7           2. This action be dismissed.

8           These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13  objections shall be filed and served within fourteen days after service of the objections.   The

14  parties are advised that failure to file objections within the specified time may waive the right to

15  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED: September 5, 2013

17  _____

18  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22
    /coll0852.46dm
23

24

25

26

27

28

                                        3