UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD T. COLLIER, | No. 2:13-cv-0852 LKK AC PS |
| Plaintiff, | |
| v. | ORDER |
| VALLEJO POLICE DEP'T, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff commenced this action in the United States District Court for the Northern District of California (hereafter Northern District). It was transferred to this court by order filed April 30, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 6, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations. The court has reviewed the file. For the reasons set forth infra, the matter will be referred back to the magistrate judge for further proceedings.

    The magistrate judge recommends dismissal of this action pursuant to Federal Rule of Civil Procedure 41 due to plaintiff's failure to file an opposition to a motion to dismiss filed by

defendants in this court on June 10, 2013 and to comply with a court order to appear for hearing on the motion. The magistrate judge recommends that plaintiff's failure to oppose and failure to appear "be deemed a waiver of opposition to the granting of the motion." Findings and Recommendations, filed September 6, 2013, at 2. The magistrate judge also finds that plaintiff's failure to oppose the motion, to comply with the July 16, 2013 order, or to appear at the hearing suggest that plaintiff has abandoned the action. Id.

On October 7, 2013, plaintiff filed a document styled "Motion to Set Aside Defendants Jurisdiction to the Eastern District Due to Obstruction of Justice Perpetrated Through Mail Fraud by the Vallejo Postal Service and the City of Vallejo" and on October 21, 2013, plaintiff filed a notice of appeal from the April 30, 2013 order of the Northern District transferring the action to this court. In view of these filings, the record now shows that plaintiff has not abandoned this action. Moreover, the record also shows that defendants filed a virtually identical Rule 12(b)(6) motion in the Northern District[1] and that plaintiff did file a written opposition to that motion. See ECF Nos. 14, 21. Thus, while it is accurate that plaintiff did not file an opposition to the amended motion to dismiss filed in this court, the court cannot find that plaintiff has waived opposition to the arguments raised in that motion.[2]

For all of the foregoing reasons, the harsh sanction of dismissal is not appropriate at this time.[3] Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

---

[1] That motion also included a motion to transfer venue, which was granted by the Northern District in the April 30, 2013 order. That order provided in relevant part that "in light of plaintiff's pro se status, the Court finds that dismissal is not appropriate and exercises its discretion and TRANSFERS this case to the Eastern District of California. Based upon the record before the court, it appears that this lawsuit may be related to prior lawsuits filed by plaintiff in the Eastern District of California." Order filed April 30, 2013 (ECF No. 24) at 3. It appears that the Northern District's finding that dismissal was "not appropriate" was a determination that the action should be transferred rather than dismissed for improper venue and not a ruling on the merits of defendants' Rule 12(b)(6) arguments, as that court did not rule on the 12(b)(6) portion of defendants' motion in its conclusion. See id.

[2] Since plaintiff has apparently not abandoned this action, considerations of judicial economy and fairness may warrant consideration of the earlier filed opposition as a response to the motion to dismiss at bar. However, it is also unclear whether plaintiff will proceed with this action if his challenges to venue fail. The court leaves these matters to the magistrate judge to resolve in the first instance.

[3] Nothing in this order should be construed as condoning plaintiff's failure to comply with the

2

1. The findings and recommendations filed September 6, 2013, are not adopted; and
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: January 10, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

magistrate judge's July 16, 2013 order or to prevent, as appropriate, consideration of imposition of lesser sanctions due to plaintiff's failure to comply with that order.

3