UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD T. COLLIER, | No. 2:13-cv-0852 LKK AC PS |
| Plaintiff, | |
| v. | |
| VALLEJO POLICE DEP'T, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Pending before the court is plaintiff's October 7, 2013, motion to set aside jurisdiction. ECF No. 38. By this motion, plaintiff seeks to have reconsidered the Northern District's April 30, 2013 order transferring venue to this court. See ECF No. 24. Additionally, plaintiff accuses the City of Vallejo of committing mail fraud and conspiring with the United States Postal Service ("USPS") to redirect an appeal he mailed to the Ninth Circuit Court of Appeals regarding the transfer order. The "evidence" of conspiracy on which plaintiff relies is a USPS tracking report printed on May 30, 2013 and bearing a stamp of the City of Vallejo City Clerk and the City Attorney's Office. ECF No. 38 at 6. This report also reveals that a document that plaintiff mailed on May 13, 2013,[1] in fact reached a San Francisco address on May 14, 2013. See id. The court

---

[1] Although the tracking report does not identify this document, plaintiff avers it is his opposition to the Northern District's transfer order titled "Plaintiff Opposition to the Courts Rendering Jurisdiction to Defendants Without Showing Cause for Transfer." See ECF No. 38 at 1-2.

1

therefore finds that plaintiff has not shown any evidence of fraud or conspiracy.

To the extent plaintiff asks this court to reconsider the transferor court's order to transfer, plaintiff has not presented an appropriate basis for reconsideration. A court may reconsider a prior ruling of a transferor court when the governing law has been changed by the subsequent decision of a higher court or when new evidence becomes available. See Crane Co. v. American Standard, 603 F.2d 244, 248-49 (2d Cir. 1979); Peterson v. Lindner, 765 F.2d 698, 704 (7th Cir. 1985). Reconsideration is also proper when a clear error has been committed or when it is necessary to prevent manifest injustice. See Arizona v. California, 460 U.S. 605, 618 n.8 (1983). When an action is transferred, that which has already been done remains untouched; only further proceedings in the case are referred to another tribunal. Magnetic Eng'g & Mfg. v. Dings Mfg., 178 F.2d 866, 868 (2d Cir. 1950) (L. Hand, J.). Under the law of the case doctrine, a transferee court does not directly review either the transfer order or other rulings of the transferor court. See In re Cragar Indus., 706 F.2d 503, 505 (5th Cir. 1983); Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 168-69 (3d Cir. 1982) (evaluating § 1406(a) transfer). Nevertheless, "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." Arizona v. California, 460 U.S. at 618.

A motion to retransfer requires the "most impelling and unusual circumstances" or a "manifestly erroneous transfer order" to overcome the law of the case doctrine. Cragar, 706 F.2d at 505. "Failure to abide by the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and to the respect due sister courts." Id. A plaintiff's choice of forum is ordinarily entitled to considerable deference. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). Nevertheless, in considering retransfer, courts consider whether the original forum is better for reasons which became known after the original transfer order and which were not anticipated. Cragar, 706 F.2d 505. In determining whether a case should be retransferred, some courts have also considered whether a transfer would prejudice the parties and the private and public interests implicated by a transfer of venue. See Scarborough v. Nat'l Ass'n of Surety Bond Producers, 474 F. Supp. 2d 64, 73 (D.D.C. 2007).

2

In this case, plaintiff contends the transfer order was improper because the Eastern District of California did not issue the summons in this case and did not rule on his motion to proceed in forma pauperis. Under 29 U.S.C. 1391(b), where, as here, federal subject matter jurisdiction is not based solely on diversity of citizenship, venue is proper in the following districts: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a "substantial part of the events or omissions" giving rise to the claim occurred, or a "substantial part of the property" that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought, a judicial district in which any defendant may be found. 28 U.S.C. § 1391(b). Plaintiff has the burden of establishing that venue is proper. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). But plaintiff has not shown how the fact that the original court issued the summons or the fact that that court rules on his motion to proceed in forma pauperis affects the venue analysis. He has also not shown the "most impelling and unusual circumstances" or a "manifestly erroneous transfer order" to overcome the law of the case doctrine. Cragar, 706 F.2d at 505. This motion therefore should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 7, 2013 motion to set aside jurisdiction (ECF No. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE