UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD T. COLLIER,

Plaintiff,

v.

VALLEJO POLICE DEP'T, et al.,

Defendants.

No. 2:13-cv-0852 LKK AC PS

ORDER

On September 4, 2013, the court held a hearing on defendants' motion to dismiss. Furah Z. Faruqui appeared for the moving defendants, Vallejo Police Department and City of Vallejo ("City"). Plaintiff did not make an appearance. On review of the motion, the documents filed in support and opposition, upon hearing the argument of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL ALLEGATIONS

A.  Racial Discrimination & Basis for Other Claims

A recurring figure in plaintiff's complaint is Fran Wilson, a bi-polar Caucasian woman whose relation to plaintiff is unspecified. On an unspecified date and in an unspecified court, plaintiff initiated a personal injury lawsuit on behalf of Wilson against the City. Compl. 2. Plaintiff contends that the case settled, after which City officials subjected plaintiff to discrimination. Id.

1

B. <u>Entrapment</u>

Following the settlement with Wilson, plaintiff alleges that City officials coerced her to participate in a scheme of entrapment by forcing her to plant a controlled substance in plaintiff's vehicle. Compl. 2. The entrapment was part of an attempt to gain ownership of plaintiff's vehicle. <u>Id.</u> 3. As a result of the entrapment, the vehicle was impounded and later lien-sold to a member of the Sheriff's Department. <u>Id.</u> Plaintiff claims that the Sheriff's Department held on to the vehicle even after the entrapment-related charge of possession against plaintiff was dismissed. <u>Id.</u> In support of his allegation that the City was conspiring with Wilson to entrap plaintiff, plaintiff alleges that Wilson knew when plaintiff was to be released from jail on bond, a fact plaintiff himself did not know. <u>Id.</u> Plaintiff contends that Wilson could have only gotten this information from defendants. <u>Id.</u>

C. <u>Murder</u>

After the alleged entrapment, plaintiff spoke to Wilson, who informed plaintiff of her involvement and who said that the Vallejo Police Department officials forced her to participate in the scheme. Compl. 2. Shortly after this conversation, Wilson was admitted to Sutter-Solano Hospital for a hematoma to her leg. <u>Id.</u> Although a friend of Wilson's visited her at the hospital and claimed that she appeared well during the visit, Wilson died inexplicably the next day. <u>Id.</u> Plaintiff suggests that Wilson's co-conspirators killed her as a means of obstructing justice. <u>Id.</u> 3.

D. <u>Withholding of Social Security Payments</u>

Plaintiff further contends that the Solano County Sheriff's Department and a Vallejo Social Security official extorted plaintiff's Social Security benefits. Compl. 4. Plaintiff alleges that he was wrongfully assessed overpayment of Social Security benefits, which led to a withholding of his payments. <u>Id.</u> Even after an administrative hearing that resulted in an order for the immediate payment to plaintiff of all benefits previously withheld, plaintiff asserts that the Solano County Sheriff's Department and Vallejo Social Security official defied the judge's order and continued to withhold payments. <u>Id.</u>

E. <u>Wrongful Taking into Custody</u>

Plaintiff next alleges that on an unspecified date, he was wrongfully taken into custody by

1  the Solano County Sheriff's Department while riding his bicycle. Compl., ECF No. 1 at 7. While

2  the Sheriff's Department claims that plaintiff was riding on the wrong side of the road, plaintiff

3  argues that he was doing nothing wrong. Id.

4  F.   Miscellaneous Claims

5  Lastly, plaintiff suggests that his money was taken by the Vallejo Transit Bus after he was

6  denied service; that his water was shut off after he paid his water service bill; and that he was

7  forced to pay the Sheriff's Department $40 multiple times to show that he did not have a warrant.

8  Plaintiff seeks $15,500,000.00 in damages.

9  PROCEDURAL BACKGROUND

10  A.   Prior Action

11  On April 2, 2012, plaintiff filed a complaint in the Northern District of California, Case

12  No. 3:12-cv-01635-EDL. In that case, plaintiff sued various Vallejo city agencies on claims

13  similar to those alleged here: discrimination by City of Vallejo agencies against plaintiff, as well

14  as alleged improper conduct by the CITY relating to plaintiff's car and his friend. On May 16,

15  2012, plaintiff filed an amended complaint in that case. On October 1, 2012, the case was

16  dismissed for failure to prosecute.

17  B.   The Instant Action

18  Plaintiff initiated this action on February 20, 2013 in the Northern District of California

19  asserting the following claims: violation of civil rights pursuant to 42 U.S.C. § 1983; conspiracy

20  to commit murder; entrapment; unlawful search and seizure; racial profiling; and discrimination.

21  Plaintiff names as defendants the City of Vallejo, the Vallejo Police Department, Sutter Hospital,

22  the Vallejo Social Security Office, the County Clerk's Office, and the Solano Sheriff's

23  Department.

24  On March 14, 2013, the City and the Vallejo Police Department filed a motion to dismiss

25  for failure to state a claim and for improper venue. Plaintiff filed an opposition in the Northern

26  District of California on April 3, 2013. On April 30, 2013, the motion was granted in part as to

27  improper venue, and the case was transferred to this court.

28  On June 10, 2013, the City and the Vallejo Police Department re-filed their motion to

dismiss for failure to state a claim. Because plaintiff did not file an opposition in this court despite an order to do so, see ECF No. 31, and because he failed to appear at the September 4, 2013 hearing on defendants' motion to dismiss, the undersigned issued findings and recommendations recommending that this matter be dismissed for lack of prosecution. ECF No. 34. These recommendations were not adopted and the matter was referred back to the undersigned. Following referral, the court has considered plaintiff's opposition to the first motion to dismiss filed in the Northern District of California. See ECF No. 21.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

## DISCUSSION

The moving defendants argue that plaintiff has failed to allege facts sufficient to state a claim against them for racial discrimination or wrongful death. They further contend that the allegation of entrapment is not an actionable civil claim.

1.  Racial Discrimination

Defendants argue first that plaintiff has failed to allege facts sufficient to state a claim for discrimination.

The Equal Protection Clause "is essentially a direction that all persons similarly situated

should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). To state a cognizable claim under the Equal Protection Clause, plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)). Plaintiff alleges that the defendants had a discriminatory intent when they, inter alia, seized his vehicle and took him into custody while he was riding his bicycle. But plaintiff has not alleged specific facts that support an inference of discriminatory intent. Additionally, plaintiff fails to identify on what grounds he was treated differently than others similarly situated.

Furthermore, municipalities can only be sued under 42 U.S.C. § 1983 if there is a showing that an official policy or custom caused the constitutional violation. Since plaintiff failed to include allegations of a policy, custom, or practice, the claims against the City and the Vallejo Police Department amount to an invocation of respondeat superior liability. However, a municipality "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [42 U.S.C. § 1983] under a respondeat superior theory." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978); Henry v. County of Shasta, 132 F.3d 512, 524 (9th Cir. 1996). Therefore, these claims are subject to dismissal.

  2. <u>Entrapment</u>

Plaintiff's entrapment claim also fails. Entrapment is a legal term of art for a particular defense to a criminal charge. See 1 Witkin, Cal. Crim. Law, Ch. 3: Defenses, § 100 (4th ed. 2012); Hudson v. Shinseki, 2011 WL 3861689, at * 7 (N.D. Cal. Aug. 31, 2011) ("[Plaintiff's] claim for entrapment is not an actionable civil claim but rather a potential defense to a criminal charge, and thus has no application here."). See generally United States v. Spentz, 653 F.3d 815, 818 (9th Cir. 2011) ("entrapment defense has two elements:" (1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime"). This claim therefore must be dismissed with prejudice.

  3. <u>Wrongful Death</u>

Lastly, defendants contend that plaintiff has failed to allege facts sufficient to state a claim

of wrongful death for the alleged death of Wilson.

Separate from a survival action, a family member may bring a state law wrongful death claim to recover damages based on their own injuries resulting from a decedent's death. Cal. Code Civ. Proc. § 377.60; see Ruiz v. Podolsky, 50 Cal. 4th 838, 858 (2010). Standing to sue for wrongful death is governed by California Code of Civil Procedure § 377.60, and the category of persons eligible to bring wrongful death actions is strictly construed. Cal. Code Civ. Pro. § 377.60; Steed v. Imperial Airlines, 12 Cal. 3d 115, 119-20 (1974). A plaintiff who brings a wrongful death suit as an heir must establish the absence of issue by the decedent and the entitlement or propriety of the heir to seek recovery under § 377.60, i.e. that the heir actually has standing under § 377.60. See Nelson v. County of Los Angeles, 113 Cal. App. 4th 783, 789 (2004) ("We agree with the County that a wrongful death plaintiff must plead and prove standing"). In relevant part, § 377.60 states:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent the persons including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
>
> (b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents . . . .

Section 377.60(a) affords standing to those persons entitled to the decedent's property through intestate succession, but only if there is no surviving issue of the decedent. See Cal. Prob. Code § 6402(b); Chavez v. Carpenter, 91 Cal. App. 4th 1433, 1445 (2001). If the decedent has children, "his parents would not be his heirs at all . . . and therefore not entitled to maintain this [wrongful death] action at all." Chavez, 91 Cal. App. 4th at 1440 (internal quotation marks and citations omitted).

Here, the complaint fails to specify plaintiff's relationship to Wilson, let alone meet the requirements of California law regarding the filing of a wrongful death action. Accordingly, this claim must also be dismissed.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' June 10, 2013 amended motion to dismiss (ECF No. 29) is granted;
2. The complaint is dismissed; and
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, the Local Rules of Practice, and this order; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: February 10, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE